The court were nil ot opinion,
Waties, J.
concurring, that the evidence produced under the circumstances of the case, was sufficient to authorize the jury iu finding a verdict for the plaintiff and therefore, lhat the plaintiff is enttiled to a uew trial. That taking into consideration the whole scope and design of the act of 1802, this case must at least be within the equity, if not within the letter of it. The title of the act is, “ to preve..t the unnecessary attendance of witnesses in courts of justice.” The preamble stales, Uta! gteat delay of justice had been experienced, by compelling witnesses to bonds aud notes to attend the courts to pr^oe the same The enacting clause provides a remedy for the grievance stated in the preamble, in these words, “that the'abseuce ot a witness ni any bond, or note, shall not be deemed a good cause by any court of justice for postponing a trial respecting the sam . but that the signature of such bond oí note may be provtd by other festimony; unless the defendant, at the time of filing b-.- plea, shall •swear or affirm, according to the form of his religious profession. *388 that the signature of the bond, or note, in suit, is not his or hers : nor in case, the defendant or defendants shall be executors or administrators, shall the cause be postponed for want of the subscribing witness to the bond or note in suit, but the signature mav be , ,. . . , . 6 ' proven by other testimony, unless one of the executors or admin. istrators who are defendants, shall swear or affirm as aforesaid, at the time of filing his or her plea, that they have cause to believe the signature to such bond or note is not the testator’s or intestate’s, as the case may be. ' Provided, that nothing herein contained shall prevent the court from postponing such trial, if, in their opinion, a sufficient cause shall be assigned for such postponement.” The case of an indorsed note, where there happens to he a witness to the indorsement, is not expressly provided for by the act; but by an equitable and liberal construction, must be considered as incfuded within it. it is not necessaiy to subpoena such witnesses to attend, because the act Was made to relieve them from the burthen of attending, unless where it shall be made necessary, in consequence of the defendant’s affidavit filed with his plea, in the case of Myers v Taylor, ante, 245, the court gave an opinion con. sistent with the construction now given to the act. The resolu. tion in that case was, that in proof of a bond, it is necessary to prove the handwriting of the subscribing witnesses, as well as of the obligor; because there must be proof of a delivery,if necessary.
Present, Ghimke, Waties, Johnson, Trezbvant, and Brevard, Justices; Bay, J. absent.